UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER L. HEAVLIN, #356871,

        Petitioner,

v.

        CASE NO. 2:20-CV-11705
        HONORABLE NANCY G. EDMUNDS

JEREMY HOWARD,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR BOND

Michigan prisoner Jennifer L. Heavlin ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her state criminal proceedings. Respondent has not yet filed an answer to the habeas petition or the state court record. The matter is before the Court on Petitioner's motion for bond.

The United States Court of Appeals for the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas case,

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted]. There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Federal district courts may grant bail when granting the writ. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). However, to grant bond prior to making a determination on the merits is extraordinary. *See Moore v. Egeler*, 390 F. Supp. 205, 207 (E.D. Mich. 1975) (Feikens, J.).

In support of her motion, Petitioner asserts that her habeas claims have merit, that

she is the sole parent to two minor sons, and that she is at risk of illness due to the COVID-19 pandemic because she is incarcerated. Having considered the matter, the Court finds that the interests of justice do not require Petitioner's release on bond pending the resolution of this case. First, Petitioner was convicted of serious offenses – operating while intoxicated causing death and leaving the scene of a motor vehicle accident causing death, which resulted in concurrent terms of seven to 15 years imprisonment, and the state courts have upheld her convictions and sentences. Second, the Court's preliminary review of the pleadings does not establish that Petitioner is actually innocent or that her claims have substantial merit so as to warrant habeas relief (although a determination on the merits will be made after a more thorough review of the case once Respondent has filed an answer to the petition and the state court record).

Third, while the pandemic is certainly extraordinary and the Court is sympathetic to Petitioner's concerns about her sons and contracting the coronavirus while in prison, the Court cannot conclude that her circumstances warrant release on bond at this time. She does not indicate that her age or medical condition make her particularly vulnerable to the virus, does not claim that she has been exposed to the virus, and acknowledges that she has tested negative for the virus so far. Moreover, as another judge in this district has explained, the Michigan Department of Corrections and Governor Gretchen Whitmer have established protocols to mitigate the spread of the virus in the state prison system. *See Titus v. Nagy*, No. 18-CV-11315, 2020 WL 1930059, *3 (E.D. Mich. April 21, 2020) (Borman, J., denying similar bond motion); *cf Clark v. Hoffner*, No. 16-CV-11959, 2020 WL 1703870 (E.D. Mich. April 8, 2020) (Roberts, J., granting bond motion where petitioner's habeas claim had substantial merit and there was evidence of actual innocence, the court had previously granted bond and petitioner complied with conditions, and the Wayne

County Conviction Integrity Unit was prepared to recommend that petitioner be exonerated or given a new trial).  Petitioner fails to establish that her circumstances are so exceptional as to warrant release on bond pending the resolution of this case.  Accordingly, the Court **DENIES** her motion for bond.

    **IT IS SO ORDERED**.

                      s/ Nancy G. Edmunds
                      NANCY G. EDMUNDS
                      UNITED STATES DISTRICT JUDGE

Dated:  July 7, 2020


I hereby certify that a copy of the foregoing document was served upon JENNIFER L. HEAVLIN, #356871 on July 17, 2020, by ordinary mail.

                      s/ Lisa Bartlett
                      Case Manager